Case 2:16-cr-00729-JAK   Document 98   Filed 11/17/20   Page 1 of 13   Page ID #:704

FILED
CLERK, U.S. DISTRICT COURT
11/17/2020
CENTRAL DISTRICT OF CALIFORNIA
BY: ___DM___ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

October 2020 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>ALBERT BENJAMIN PEREZ,<br>  aka "Dragon,"<br><br>    Defendant. | CR 16-729(A)-JAK<br><br>F I R S T<br>S U P E R S E D I N G<br>I N D I C T M E N T<br><br>[21 U.S.C. §§ 841(a)(1),<br>(b)(1)(A)(viii), (b)(1)(B)(viii):<br>Possession with Intent to<br>Distribute and Distribution of<br>Methamphetamine; 21 U.S.C.<br>§§ 841(a)(1), (b)(1)(C):<br>Possession with Intent to<br>Distribute Heroin; 18 U.S.C.<br>§ 924(c)(1)(A)(i): Possession of<br>Firearms in Furtherance of a Drug<br>Trafficking Crime; 18 U.S.C.<br>§ 922(g)(1): Felon in Possession<br>of Firearms and Ammunition; 21<br>U.S.C. § 853, 18 U.S.C.<br>§ 924(d)(1), 28 U.S.C. § 2461(c):<br>Criminal Forfeiture] |

The Grand Jury charges:

COUNT ONE

[21 U.S.C. §§ 841(a)(1), (b)(1)(B)(viii)]

On or about June 16, 2016, in Los Angeles County, within the Central District of California, defendant ALBERT BENJAMIN PEREZ, also

known as "Dragon," knowingly and intentionally distributed at least five grams, that is, approximately 28 grams, of methamphetamine, a Schedule II controlled substance.

COUNT TWO

[21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii)]

On or about November 2, 2016, in Los Angeles County, within the Central District of California, defendant ALBERT BENJAMIN PEREZ, also known as "Dragon," knowingly and intentionally possessed with intent to distribute at least 50 grams, that is, approximately 569.62 grams, of methamphetamine, a Schedule II controlled substance.

COUNT THREE

[21 U.S.C. §§ 841(a)(1), (b)(1)(C)]

On or about November 2, 2016, in Los Angeles County, within the Central District of California, defendant ALBERT BENJAMIN PEREZ, also known as "Dragon," knowingly and intentionally possessed with intent to distribute heroin, a Schedule I narcotic drug controlled substance.

COUNT FOUR

[18 U.S.C. § 924(c)(1)(A)(i)]

On or about November 2, 2016, in Los Angeles County, within the Central District of California, defendant ALBERT BENJAMIN PEREZ, also known as "Dragon," knowingly possessed firearms, namely, a C.N. Romarm SA/Cugir, model Draco-C, 7.62x39mm AK-type semi-automatic pistol, bearing serial number BH2292, an HS Produkt, model XD, .45 ACP caliber semi-automatic pistol, bearing serial number XD747681, and a Firearms Import & Export, model Titan, .380 caliber semi-automatic pistol, bearing no serial number, in furtherance of drug trafficking crimes, namely, Possession with Intent to Distribute Methamphetamine, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(A)(viii), as charged in Count Two of this First Superseding Indictment, and Possession with Intent to Distribute Heroin, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(C), as charged in Count Three of this First Superseding Indictment.

COUNT FIVE

[18 U.S.C. § 922(g)(1)]

On or about November 2, 2016, in Los Angeles County, within the Central District of California, defendant ALBERT BENJAMIN PEREZ, also known as "Dragon," knowingly possessed the following firearms and ammunition, in and affecting interstate and foreign commerce:

1. A C.N. Romarm SA/Cugir, model Draco-C, 7.62x39mm AK-type semi-automatic pistol, bearing serial number BH2292;

2. An HS Produkt, model XD, .45 caliber semi-automatic pistol, bearing serial number XD747681;

3. A Firearms Import & Export, model Titan, .380 caliber semi-automatic pistol, bearing no serial number;

4. Seven rounds of Winchester Ammunition .45 Auto caliber ammunition;

5. Six rounds of Remington Arms Company .45 Auto caliber ammunition;

6. Six rounds of Tula Cartridge Works 7.62x39mm caliber ammunition;

7. Five rounds of Companhia Brasileira de Cartuchos .40 S&W caliber ammunition;

8. One round of Federal Premium Ammunition 9mm Luger caliber ammunition;

9. One round of Remington Arms Company 12 gauge ammunition;

10. Three rounds of Winchester Ammunition .380 Auto caliber ammunition; and

11. Three rounds of Hornady Manufacturing Company .380 Auto caliber ammunition.

Defendant PEREZ possessed such firearms and ammunition knowing that he had previously been convicted of at least one of the following felony crimes, each punishable by a term of imprisonment exceeding one year:

1. Felon in Possession of a Firearm, in violation of California Penal Code Section 29800(a)(1), in the Superior Court of the State of California, County of Los Angeles, case number LA077723, on or about September 23, 2014; and

2. Possession for Sale of a Controlled Substance, in violation of California Health and Safety Code Section 11351, in the Superior Court of the State of California, County of Los Angeles, case number LA079681, on or about December 9, 2014.

FORFEITURE ALLEGATION ONE

[21 U.S.C. § 853; 18 U.S.C. § 924(d)(1); 28 U.S.C. § 2461(c)]

1. Pursuant to Rule 32.2(a) of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 21, United States Code, Section 853, Title 18, United States Code, Section 924(d)(1), and Title 28, United States Code, Section 2461(c), in the event of the defendant's conviction of the offense set forth in Counts One, Two, or Three of this First Superseding Indictment.

2. The defendant, if so convicted, shall forfeit to the United States of America the following:

(a) All right, title and interest in any and all property, real or personal, constituting or derived from, any proceeds which the defendant obtained, directly or indirectly, from any such offense;

(b) All right, title and interest in any and all property, real or personal, used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of any such offense;

(c) All right, title, and interest in any firearm or ammunition involved in or used in any such offense, including but not limited to the following, which were seized on November 2, 2016:

   i. One C.N. Romarm SA/Cugir, model Draco-C 7.62x39mm AK-type semi-automatic pistol, bearing serial number BH2292;

   ii. One HS Produkt, model XD, .45 caliber semi-automatic pistol, bearing serial number XD747681;

   iii. One Firearms Import & Export, Titan model, .380 caliber semi-automatic pistol, bearing no serial number;

            iv.   Seven rounds of Winchester Ammunition .45 Auto caliber ammunition;

            v.   Six rounds of Remington Arms Company .45 Auto caliber ammunition;

            vi.   Six rounds of Tula Cartridge Works 7.62x39mm caliber ammunition;

            vii. Five rounds of Companhia Brasileira de Cartuchos .40 S&W caliber ammunition;

            viii. One round of Federal Premium Ammunition 9mm Luger caliber ammunition;

            ix.   One round of Remington Arms Company 12 gauge ammunition;

            x.   Three rounds of Winchester Ammunition .380 Auto caliber ammunition; and

            xi.   Three rounds of Hornady Manufacturing Company .380 Auto caliber ammunition.

    (d)   To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraphs (a), (b), and (c).

   3.   Pursuant to Title 21, United States Code, Section 853(p), and as incorporated by Title 28, United States Code, Section 2461(c), the defendant, if so convicted, shall forfeit substitute property, up to the value of the property described in the preceding paragraph if, as the result of any act or omission of the defendant, the property described in the preceding paragraph or any portion thereof:
(a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been

substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

FORFEITURE ALLEGATION TWO

[18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c)]

1. Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 924(d)(1), and Title 28, United States Code, Section 2461(c), in the event of the defendant's conviction of the offenses set forth in either of Counts Four or Five of this First Superseding Indictment.

2. The defendant, if so convicted, shall forfeit to the United States of America the following:

(a) All right, title, and interest in any firearm or ammunition involved in or used in any such offense, including but not limited to the following, which were seized on November 2, 2016:

  i. One C.N. Romarm SA/Cugir, model Draco-C 7.62x39mm AK-type semi-automatic pistol, bearing serial number BH2292;

  ii. One HS Produkt, model XD, .45 caliber semi-automatic pistol, bearing serial number XD747681;

  iii. One Firearms Import & Export, model Titan, .380 caliber semi-automatic pistol, bearing no serial number;

  iv. Seven rounds of Winchester Ammunition .45 Auto caliber ammunition;

  v. Six rounds of Remington Arms Company .45 Auto caliber ammunition;

  vi. Six rounds of Tula Cartridge Works 7.62x39mm caliber ammunition;

  vii. Five rounds of Companhia Brasileira de Cartuchos .40 S&W caliber ammunition;

    viii. One round of Federal Premium Ammunition 9mm Luger caliber ammunition;

    ix. One round of Remington Arms Company 12 gauge ammunition;

    x. Three rounds of Winchester Ammunition .380 Auto caliber ammunition; and

    xi. Three rounds of Hornady Manufacturing Company .380 Auto caliber ammunition.

  (b) To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

  3. Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), the defendant, if so convicted, shall forfeit substitute property, up to the value of the property described in the preceding paragraph if, as the result of any act or omission of the defendant, the property described in the preceding paragraph or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been

//
//
//
//
//
//
//
//

substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

A TRUE BILL

                                   /S/
                                   Foreperson

NICOLA T. HANNA
United States Attorney

BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division

SCOTT M. GARRINGER
Assistant United States Attorney
Deputy Chief, Criminal Division

JOSHUA O. MAUSNER
Assistant United States Attorney
Acting Deputy Chief,
General Crimes Section

MERYL HOLT
CHARLES E. FOWLER, JR.
Assistant United States Attorneys
General Crimes Section