NICOLA T. HANNA
United States Attorney
BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division
MERYL HOLT (Cal. Bar. No. 308195)
General Crimes Section
CHARLES E. FOWLER, JR. (Cal. Bar No. Pending)
Criminal Appeals Section
Assistant United States Attorneys
     1200 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-6737/0848
     Facsimile: (213) 894-0141
     E-mail:    meryl.holt@usdoj.gov
                charles.fowler@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 16-00729-JAK |
|---|---|
| Plaintiff, | GOVERNMENT'S SURREPLY TO DEFENDANT'S SUPPLEMENTAL REPLY |
| v. | |
| ALBERT BENJAMIN PEREZ, aka "Dragon," | |
| Defendant. | |

The United States of America, by and through its counsel of record, Assistant United States Attorneys Meryl Holt and Charles E. Fowler, Jr., hereby submits the attached Surreply in response to a new argument made by defendant in the Supplement to Defendant Albert Perez's Reply to Government's Opposition to Bail, filed on December

//

//

//

22, 2020 ("Supplemental Reply"). (Dkt. 105.) The government files this brief pursuant to the Court's Order dated January 4, 2021, granting the government's Motion for Leave to File Surreply. (Dkt. 110.)

Dated: January 4, 2021     Respectfully submitted,

NICOLA T. HANNA  
United States Attorney

BRANDON D. FOX  
Assistant United States Attorney  
Chief, Criminal Division

    */s/ Meryl Holt*  
MERYL HOLT  
CHARLES E. FOWLER, JR.  
Assistant United States Attorneys

Attorneys for Plaintiff  
UNITED STATES OF AMERICA

**GOVERNMENT'S SURREPLY**

**I. INTRODUCTION**

On October 13, 2020, defendant Albert Benjamin Perez ("defendant") filed a second Application for Reconsideration of Pretrial Detention. (Dkt. 88.) Following the government's Opposition, defendant filed a Reply on October 27, 2020. (Dkts. 91, 92.) Nearly two months later, defendant submitted a further brief framed as a "supplement" to his Reply, raising a new argument and associated claims of misconduct that were not presented in his prior brief and are unrelated to points raised in his application for reconsideration.[1] Specifically, defendant now asserts that the government sought to bring new charges against him in a superseding indictment in retaliation for his renewed request for release. (Dkt. 105 at 5-7). He claims, without support, that by pursuing such additional charges, the government engaged in "gamesmanship that clearly is unconscionable, cruel and unusual, and likely against State Bar Rules of Professional Conduct §§ Rule 3.1 and 3.3." (Id. at 5.)

Defendant's argument ignores both the law and the facts. A superseding indictment may be returned at any time prior to trial-- which, in this case, is approximately three-and-a-half months away-- and the government did not act with any retaliatory motive in pursuing new charges, which were found to be supported by probable

---

[1] Defendant also uses the Supplemental Reply to make additional claims regarding his purportedly minimal risk of danger and flight. (Dkt. 105 at 1-5.) While defendant should have raised these claims in his original Reply, the government does not regard these as "new arguments" as they respond to arguments in the government's opening brief. Accordingly, the government does not respond to these points in its Surreply and plans to address them at the upcoming hearing.

cause by a federal grand jury sitting in this District. Thus, his claims of misconduct are baseless, and this Court should reject them.

## II. PROCEDURAL HISTORY

On October 18, 2016,[2] a grand jury returned an indictment charging defendant with one count of distribution of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(viii). (Dkt. 1.) Law enforcement executed arrest and search warrants at defendant's home several weeks later, in November 2016, and recovered evidence of numerous other crimes, including large quantities of methamphetamine and heroin, three guns, and various ammunition. After his arrest in November 2016, Magistrate Judge McDermott ordered defendant detained pending trial. (Dkt. 13.) Defendant applied for reconsideration of this detention order approximately one month later, which Magistrate Judge McDermott denied. (Dkts. 21, 26.)

Defendant pled guilty to the single-count indictment in April 2017. (Dkts. 35, 37.) In his plea agreement, defendant admitted that law enforcement recovered the additional contraband from his home in November 2016. (Dkt. 35 at 9.) Defendant also stipulated to a base offense level accounting for the drugs recovered from his home during that search, as well as a Guidelines adjustment for firearms and ammunition. (Id. at 10.)

In June 2017, however, defendant was charged by the United States Attorney's Office for the District of Nevada with unrelated offenses including conspiring to participate in a racketeering enterprise and murder; he was subsequently permitted to withdraw his

---

[2] For a more detailed procedural history of this case, the government respectfully directs the Court to its previously filed opening brief. (See Dkt. 91 at 2-4.)

2

guilty plea in the instant case.  (Dkts. 53, 64.)  Defendant was then transferred to the District of Nevada to stand trial and did not return to this District until after his Nevada trial concluded in February 2020.  (See Dkt. 91 at 3-4.)  Between November 2017 and February 2020, the parties stipulated to multiple trial continuances in the instant case.  (Dkts. 67, 71, 74, 76, 81.)

After returning to pretrial custody in this District, on October 13, 2020, defendant filed a second application for reconsideration of his pretrial detention based on health concerns due to the COVID-19 pandemic.  (Dkt. 88.)  In the meantime, the government pursued and obtained superseding charges based on the drugs, guns, and ammunition found at defendant's home at the time of his arrest in November 2016 (which defendant had admitted to in his prior, since-withdrawn plea agreement).  On November 17, 2020, a grand jury returned a five-count superseding indictment against defendant, charging him with: one count of distribution of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(viii); one count of possession with intent to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii); one count of possession with intent to distribute heroin in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C); one count of possession of firearms in furtherance of drug trafficking crimes in violation of 18 U.S.C. § 924(c)(1)(A)(i); and one count of being a felon in possession of firearms and ammunition in violation of 18 U.S.C. § 922(g)(1).  (Dkt. 98.)  The government had made clear in its Opposition to defendant's application for reconsideration that it was seeking these new charges.  (Dkt. 91 at 2.)  Trial is currently set for April 13, 2021.

**III. THE GOVERNMENT ACTED WITHIN ITS AUTHORITY AND DID NOT PREJUDICE DEFENDANT BY PURSUING A SUPERSEDING INDICTMENT**

"A super[s]eding indictment may be returned at any time prior to trial on the merits," so long as it does not prejudice the defendant. United States v. Stricklin, 591 F.2d 1112, 1116 n.1 (5th Cir. 1979); see also United States v. Herbst, 565 F.2d 638, 643 (10th Cir. 1977) (noting that while a superseding indictment may be returned at any time before trial, "[n]o prejudice in fact is an incident of such proceeding"); United States v. Lovasco, 431 U.S. 783, 794-95 (1977) (holding that the Due Process Clause does not require the government to "make charging decisions immediately upon assembling evidence sufficient to establish guilt," and that the government has broad discretion with regard to the timing of filing an indictment, so long as there is no violation of defendant's constitutional rights). Here, the government complied with this rule, and its pursuit of additional charges did not prejudice or violate the rights of defendant, who has already been ordered to remain in pretrial custody on two separate occasions. (See Dkt. 13, 26.)

Further, there is no basis in the record for defendant's assertion that the government acted improperly or with a retaliatory motive in bringing new charges against him. The government was not required to bring additional charges by a specific date so long as there was no violation of defendant's rights to a speedy trial. Defendant does not assert a violation of his Speedy Trial Act rights, nor does he allege any facts supporting his contention that the government's decision to proceed with the superseding indictment was retaliatory in nature. He is similarly unable to allege any facts establishing prejudice based on the return of the superseding

indictment. See Herbst, 565 F.2d at 643. The government acted within its authority by pursuing additional charges based on evidence gathered regarding defendant's crimes. Moreover, the timing of the new charges has no bearing on the facts of this case, which, regardless of any additional charges added by the superseding indictment, uniformly favor detention under 18 U.S.C. § 3142(g)(1)-(4). (See Dkt. 91 at 6-10.)

To the extent defendant's argument can be construed as alleging vindictive prosecution, it is also meritless. Defendant has failed to offer any evidence that would establish a presumption of vindictiveness in this case: he provides no direct evidence (or any evidence whatsoever) of vindictiveness, and does not set out any facts indicating that "the totality of circumstances surrounding the prosecutorial decision at issue suggest the appearance of vindictiveness." United States v. Robison, 644 F.2d 1270, 1272 (9th Cir. 1981) (cleaned up); see also United States v. Jenkins, 504 F.3d 694, 700 (9th Cir. 2007) (to establish a presumption in the absence of direct evidence of vindictiveness or retaliation, the defendant must demonstrate a "'reasonable or realistic likelihood' that the government's decision was motivated by a retaliatory purpose"). Instead, defendant relies solely on the timing of the superseding indictment, which newly-assigned government counsel pursued after defendant's return to this District. (See Dkts. 82, 83.) Under clearly established Supreme Court and Ninth Circuit precedent, such bare facts are insufficient to support a finding of vindictiveness. See, e.g., United States v. Goodwin, 457 U.S. 368, 381-382 (1982) (holding that the mere filing of a motion prior to the filing of new charges does not itself trigger a presumption of vindictiveness);

United States v. Gallegos-Curiel, 681 F.2d 1164, 1167 (9th Cir. 1982) (noting that prosecutors are afforded significant discretion to consider additional charges, particularly when new prosecutors are assigned to a case after the initial indictment has been filed, and when the additional charges are considered in the context of pre-trial plea negotiations). Defendant is simply unable to meet his burden to show an appearance of vindictiveness that could establish the necessary presumption.

Accordingly, this Court should reject defendant's new argument that the government engaged in "gamesmanship" by securing a superseding indictment after he filed a second application for reconsideration of his pretrial detention, and deny the renewed request for release for the reasons set forth in the government's opening brief.

**IV. DEFENDANT'S CLAIMS OF MISCONDUCT ARE MERITLESS**

In making the unfounded claim of "gamesmanship" with respect to the timing of the superseding indictment, defendant also suggests, with no support, that the government has "likely" violated California Rules of Professional Conduct 3.1 and 3.3. Neither rule is applicable here. Moreover, the government has complied and continues to comply with its ethical and professional obligations.

First, defendant alleges no facts that could constitute a Rule 3.1 violation. Rule 3.1 states, in relevant part: "[A] lawyer shall not . . . bring or continue an action, conduct a defense, assert a position in litigation, or take an appeal, without probable cause and for the purpose of harassing or maliciously injuring any person." Cal. R. Prof. Conduct 3.1(a)(1) (emphasis added); Dkt. 105 at 5-6 n.1. Here, the charges are evidently supported by probable cause--

1    indeed, a federal grand jury concluded that the evidence established
2    probable cause, and returned the superseding indictment against
3    defendant on November 17, 2020.  See United States v. Williams, 504
4    U.S. 36, 69 (1992) ("A grand jury proceeding is an ex parte
5    investigatory proceeding to determine whether there is probable cause
6    to believe a violation of the criminal laws has occurred.").

7    Defendant similarly fails to make any showing of harassment or
8    malicious injury, and relies on unsupported innuendo that the
9    government timed its superseding indictment in order to keep him in
10   custody during a pandemic.  Such speculation flies in the face of two
11   prior court orders remanding defendant based on the danger he poses
12   to the community and the risk of nonappearance given the seriousness
13   of his offense conduct.  (See Dkts. 13, 26.)  And as explained
14   previously, the government acted well within its authority by
15   pursuing additional charges based on the evidence of defendant's
16   crimes and did not act with any retaliatory motive.  The new charges
17   were based on prior conduct that the government had investigated
18   following defendant's arrest in November 2016--conduct that defendant
19   had admitted to in his prior, since-withdrawn plea agreement.  The
20   Court should reject defendant's mere conjecture out of hand along
21   with any claim of a Rule 3.1 violation.

22   Second, there is no basis for a violation of Rule 3.3.  That
23   rule requires candor toward the tribunal and prohibits a lawyer from:

> (1) knowingly mak[ing] a false statement of fact or law to a
> tribunal or fail[ing] to correct a false statement of
> material fact or law previously made to the tribunal by the
> lawyer; (2) fail[ing] to disclose to the tribunal legal
> authority in the controlling jurisdiction known to the lawyer
> to be directly adverse to the position of the client and not
> disclosed by opposing counsel, or knowingly misquot[ing] to
> a tribunal the language of a book, statute, decision or other

7

      authority; or (3) offer[ing] evidence that the lawyer knows to be false.

Cal. R. Prof. Conduct 3.3(a)(1)-(3); Dkt. 105 at 5-6 n.1.  The government has complied with all aspects of this rule, and defendant does not present any facts to the contrary.  In fact, defendant never specifies in his Supplemental Reply what any such false statement would be, or what the government is alleged to have not disclosed. This is not surprising, as the government is continuing to abide by its discovery and ethical obligations (and defense counsel had never previously raised any related issues to the government).  Thus, this Court should reject defendant's contention that the government likely violated Rule 3.3.

     In sum, this Court should disregard defendant's unfounded allegations of misconduct against the government in this case.

**V.  CONCLUSION**

     In light of the foregoing, this Court should reject defendant's new argument regarding the purportedly retaliatory nature of the government's superseding indictment and associated claims of misconduct.  Further, as set forth in the government's Opposition to Defendant's Second Application for Reconsideration of Order Denying Release and Imposing Detention Under 18 U.S.C. § 3142 (Dkt. 91), this Court should also deny defendant's renewed request for release.