Michael S. Devereux (SBN 225240)
**WEXFORD LAW**
9440 Santa Monica Boulevard, Suite 301
Beverly Hills, California 90210
Telephone: (424) 444-0883

Attorneys for DEFENDANT, ALBERT PEREZ

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO.: CR 16-00729-JAK |
|---|---|
| PLAINTIFF, | DEFENDANT'S BRIEF REGARDING DEFENDANT'S SPEEDY TRIAL AND DUE PROCESS RIGHTS |
| v. | |
| ALBERT BENJAMIN PEREZ, | |
| Defendant. | |

Defendant Albert Benjamin Perez, by and through his counsel of record, Michael Devereux, hereby submits this brief to this Honorable Court regarding defendant Albert Benjamin Perez's speedy Trial and Due Process rights. This brief is based upon the attached memorandum of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: February 13, 2025            Respectfully Submitted,

By: *Michael S. Devereux*
Michael S. Devereux
Attorney for Defendant
Albert Benjamin Perez

1

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

The Defendant ("Mr. Perez") has been subjected to significant due process violations, including an approximate 18-month delay by the Metropolitan Detention Center (MDC) in conducting necessary evaluations for cognitive impairment and the filing of a superseding indictment without arraignment. Additionally, the parties were forced to file several stipulations due to the MDC delay. Further, the government filed several ex-parte motions to continue the trial, thus, resulting in the loss of significant key defense witnesses. These actions have severely prejudiced the Defendant's ability to prepare a defense and have violated his constitutional rights.

## II. BACKGROUND

1. **Delay in Evaluations:** The MDC delayed multiple evaluations for approximately 18 months before admitting they could not evaluate the Defendant for cognitive impairment. This delay is unreasonable and violates the Defendant's due process rights, as established in *Trueblood v. Washington State Dept. of Social and Health Services* 822 F.3d 1037 (9th Circ. 2016), where the Ninth Circuit held that the duration of pretrial

detention for incompetent defendants must bear a reasonable relation to the purpose for which the individual is committed.

2. **Superseding Indictment Without Arraignment:** On or about, November 17, 2020, the government filed a superseding indictment without arraigning the Defendant, constituting a violation of the Defendant's right to a speedy trial under the Fifth and Sixth Amendments. The Supreme Court has emphasized the importance of timely arraignment to prevent oppressive pretrial incarceration and to protect the accused's ability to mount a defense.

3. **Ex Parte Motions and Loss of Witnesses:** The government filed several ex parte motions to continue the trial, resulting in the loss of three key witnesses who would have testified that the contraband did not belong to the Defendant. This loss of witnesses has caused substantial prejudice to the Defendant's case, as their testimony was crucial to establishing the Defendant's innocence.

III. **LEGAL ANALYSIS**

**A. Due Process Violation Due to Delay in Evaluations**
The prolonged delay by the MDC in evaluating the Defendant for cognitive impairment is a clear violation of due process. The Ninth Circuit in *Trueblood* and the Supreme Court in *Jackson v. Indiana* 400 US 307 (1972) have established that

the nature and duration of pretrial detention must bear a reasonable relation to the purpose for which the individual is committed. The 18-month delay in this case is excessive and unjustifiable, particularly when the MDC ultimately admitted their inability to conduct the evaluation.

Constitutional questions regarding the conditions and circumstances of their confinement are properly addressed under the due process clause of the Fourteenth Amendment, rather than under the Eighth Amendment's protection against cruel and unusual punishment. *See City of Revere v. Mass. Gen. Hosp.*, 463 U.S. 239, 244 (1983); *Bell v. Wolfish*, 441 U.S. 520, 535 (1979); see also *Gibson v. County of Washoe,* 290 F.3d 1175, 1187 (9th Cir. 2002).

In light of the Supreme Court's observation that the due process rights of pretrial detainees are "at least as great as the Eighth Amendment protections available to a convicted prisoner," *Revere*, 463 U.S. at 244, the court recognized that, even though the pretrial detainees' rights arise under the Due Process Clause, the guarantees of the Eighth Amendment provide a minimum standard of care for determining their rights, including the rights to medical and psychiatric care. *Gibson*, 290 F.3d at 1187; *Carnell v. Grimm,* 74 F.3d 977, 979 (9th Cir. 1996); *Jones v. Johnson*, 781 F.2d 769, 771 (9th Cir. 1986).

This principle was reinforced in *Oregon Advocacy Center v. Mink* 322 F.3dd 1101 (9th Circ. 2003), where the Ninth Circuit held that "(p)retrial detainees,

whether or not they have been declared unfit to proceed, have not been convicted of any crime. Therefore, constitutional questions regarding the circumstances of their confinement are properly addressed under the due process clause of the Fourteenth Amendment." 322 F.3d at 1120. Addressing the circumstance of individuals who had been waiting for evaluation, the court held that waiting "in jail for weeks or months violates due process rights because the nature and duration of their incarceration bear no reasonable relation to the evaluative and restorative purposes for which courts commit those individuals." *Id*. at 1122.

The deprivation of Mr. Perez's access to an evaluation and requisite treatment has resulted in a significant decline in cognitive function, thereby exacerbating his suffering in an unduly and unjust manner. In addition, the delay also hampers efforts to provide effective representation.

### B. Violation of the Right to a Speedy Trial

The filing of a superseding indictment without arraignment violates the Defendant's Sixth Amendment right to a speedy trial. The Supreme Court has held that delays in arraignment can undermine the protections of the Speedy Trial Clause, especially when they result in oppressive pretrial incarceration or impair the defense. The government's actions in this case have deprived the Defendant of his constitutional right to a timely trial.

In determining whether a delay between the time of indictment and arrest violates a defendant's Sixth Amendment right to a speedy trial, courts balance four factors set forth by the Supreme Court in *Barker v. Wingo,* 407 U.S. 514 (1972): (1) the length of the delay; (2) the reason for the delay (i.e., whether the defendant or the government is more to blame for that delay); (3) whether the defendant asserted his right to a speedy trial; and (4) whether the defendant suffered prejudice as a result of the delay. "None of these four factors are either necessary or sufficient, individually, to support a finding that a defendant's speed[y] trial right has been violated." *United States v. Mendoza,* 530 F.3d 758, 762 (9th Cir. 2008). Instead, these factors "must be considered together with such other circumstances as may be relevant." *Barker,* 407 U.S. at 533.

The Sixth Amendment guarantees the right to a speedy trial, and delays can be evaluated using the Barker factors: length of delay, reason for delay, defendant's assertion of the right, and prejudice to the defendant. Even an one-year delay is presumptively prejudicial and would trigger a detailed analysis under these factors.

Here the length for delay has been caused significantly by the MDC.

**C. Prejudice from Loss of Witnesses**
The government's ex parte motions to continue the trial have resulted in the loss of three key defense witnesses, causing substantial prejudice to the Defendant's case. The testimony of these witnesses was critical to establishing that the

contraband did not belong to the Defendant. The loss of this evidence has severely impaired the Defendant's ability to present a complete defense, further violating his due process rights

### III. CONCLUSION

For the foregoing reasons, the Defendant respectfully requests that this Court dismiss the charges against him due to the significant due process violations that have occurred. The delays in evaluation at the MDC, the filing of a superseding indictment without arraignment, and the loss of key witnesses have collectively deprived the Defendant of his constitutional rights and have irreparably harmed his ability to defend himself.

Dated: February 13, 2025          Respectfully Submitted,

By: *Michael S. Devereux*
Michael S. Devereux
Attorney for Defendant
Albert Benjamin Perez