THE LAW OFFICE OF PETER SWARTH
PETER SWARTH, SBN 143573
6442 Platt Ave., #557
West Hills, CA 91307
Telephone: (818) 887-8800
Facsimile: (323) 843-9232
E-Mail: pswarth@gmail.com

CJA Advisory Counsel

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>ALBERT BENJAMIN PEREZ, JR.,<br>aka "Dragon,<br><br>　　　　Defendant. | **CASE NO.:2:16-CR-00729-JAK-1**<br><br>BRIEF IN RESPONSE TO COURT'S ORDER (DKTS. 275, 298) |

To the Honorable John A. Kronstadt of the United States District Court for the Central District of California:

　　In this brief (filed on the public docket), the undersigned, who has been appointed as CJA Advisory Counsel, responds to issues raised in the Court's sealed Order of Feb. 14, 2025 (Dkt. 275) (herein, the "Order"), per the instructions from the March 20, 2025 status conference (Dkt. 298).

1

**BRIEF IN RESPONSE TO COURT'S ORDER**

This Court's Order posed two sets of questions: first, various questions regarding potential violation of Defendant's rights based on delays in proceedings (Order at 3); and second, questions regarding the counsel who will represent Defendant, going forward (Order at 3 – 4).

Subsequently, at the March 20, 2025 status conference, the Court directed CJA counsel to file two separate briefs: (1) a brief filed on the public docket concerning potential violation of Defendant's rights based on delays in proceedings; and (2) a brief filed in camera and under seal regarding the questions regarding the counsel who will represent Defendant, going forward. Dkt. 298 at 1.

This is the brief filed on the public docket, concurrently with the filing of the other brief under in camera and under seal.

## I. QUESTIONS REGARDING POTENTIAL VIOLATIONS OF DEFENDANT'S RIGHTS VIA PRIOR DELAYS

The Court ordered the attorneys to brief questions concerning potential violations of Defendants' rights via the delays in this litigation.

### A. The Questions Posed in The Court's Orders And Prior Briefing Regarding Those Questions

This Court's Order posed the following questions as to potential violations of Defendant's rights via prior delays:

> (1) Whether there have been any violation of 18 U.S.C. §§ 4241, 4247(b) in light of the amount of time that Defendant has been detained while awaiting competency evaluations;
>
> (2) Whether there has been a violation of Defendant's Sixth Amendment right to a speedy trial in light of the amount of time that has elapsed since the commencement of this action; and
>
> (3) Whether there has been a violation of Defendant's Fifth Amendment right to due process in light of the amount of time that Defendant has been detained while awaiting the competency examination and/or in light of the amount of time that has elapsed since the commencement of this action. [and]

> [4] If a party contends that there is a violation or potential violation, the briefing shall also include what remedies are appropriate, including but not limited to those available pursuant to Fed. R. Crim. P. 48(b), as well as a proposed motion and briefing schedule to resolve the issue(s).

Order at 3:9-22 (citing Dkt. 262 at 1–2).

The Order also directed CJA advisory counsel to submit an independent brief that addresses the foregoing questions. Order at 6:16-17.

In prior orders, retained counsel and the prosecution were ordered to brief the foregoing questions. *See, e.g.,* Order at 3:7-22 (citing Dkt. 262 at 1–2), 4:6-16 (citing Dkts. 265, 269, 270), 4:25–5:2.[1]

The prosecution's briefing addressed the questions concerning potential violations of Defendants' rights via the delays in this litigation. First, the prosecution filed a brief, on January 30, 2025, which addressed Defendant's Sixth Amendment Speedy Trial rights. Dkt. 265; *see also* Dkt. 272 at 1 n.1; Order at 4:6-16 (citing Dkt. 265).[2] Second, the prosecution filed a brief regarding Defendant's Fifth Amendment Due Process rights and rights under 18 U.S.C. §§ 4241 and 4247(b). Dkt. 272 (Gov. Brief Regarding Defendant's Speedy Trial and Due Process Rights).

Retained counsel's original briefing did not address all of the Court's questions, and thus retained counsel was directed to submit supplemental briefing and did so. Order at 4:10-16 (citing Dkts. 269, 270), 4:25–5:2, 5:14-19 (citing Dkts. 271, 274). However, retained counsel's supplemental briefing did not address the first question

---

[1] In addition, as stated above, retained counsel was ordered to file briefing addressing the two questions – concerning Defendant's legal representation – that are posed (and addressed) in Section I of this brief. Order at 3:27 – 4:5 (citing Dkt. 262 at 2), 5:19-22 (citing Dkts. 271, 274).

[2] Herein, in all citations to pages in the prosecution's briefing, the cited page numbers refer to page numbered set forth in the bottom (center) of pages – and *not* the ECF-stamped pages numbers in the pages' headers.

3
**BRIEF IN RESPONSE TO COURT'S ORDER**

posed in the list above, concerning the potential violation of Defendant's rights under 18 U.S.C. §§ 4241, 4247(b). Order at 5:19-22 (citing Dkts. 271, 274).[3]

It appears that neither the prosecution nor Defendant's retained counsel has briefed any issues relating to Federal Rule of Criminal Procedure 48(b), even though the Court's Order (as quoted above) directed the parties to brief issues regarding Rule 48(b). Nor does it seem that the prosecution or Defendant's retained counsel have briefed the issue of the remedy for a potential violation of 18 U.S.C. §§ 4241, 4247(b), which was encompassed by the final item of the passage from the Court's Order (above).

### B.   Responses Regarding The Order's Questions

Here, CJA advisory counsel sets forth responses regarding the Order's questions.

The Order did not necessarily seek comprehensive briefing that would fully resolve all of the questions, but instead described the possibility of the parties submitting further briefing: "If a party contends that there is a violation or potential violation, the briefing shall also include what remedies are appropriate, including but not limited to those available pursuant to Fed. R. Crim. P. 48(b), as well as a *proposed motion and briefing schedule* to resolve the issue(s)." Order at 3:19-22 (emphasis added).

In the discussion below, this brief addresses the merits of motions on the grounds specified (in the Order's questions). At this time, it is premature to address the potential scheduling (of a motion and briefing) and the extent to which further briefing is needed (thereby entailing further delays). Needless to say, CJA advisory counsel approaches these questions from the perspective of a defense attorney.

---

[3] Defendant's retained counsel also filed a brief regarding funding for the evaluation of Defendant. Dkt. 271. Subsequently the parties filed a status report, which stated that they agreed on the issue of funding. Order at 4 n.1 (citing Dkt. 273).

### 1. Whether There Has Been Violation of 18 U.S.C. §§ 4241, 4247(b)

The statutory provisions cited in the Order – i.e., 18 U.S.C. §§ 4241, 4247(b)[4] – are part of the Insanity Defense Reform Act of 1984 (IDRA). The IDRA contains provisions governing conduct of the Attorney General. "The Attorney General has delegated responsibility for complying with [the IDRA's] requirement[s] to the Bureau of Prisons (BOP)." *United States v. Donnelly*, 41 F.4th 1102, 1104 (9th Cir. 2022) ("*Donnelly*").

Among other things, the IDRA sets time limits for conducting a competency examination of a criminal defendant.

> For the purposes of an examination pursuant to an order under section 4241, 4244, or 4245, the court may commit the person to be examined for a reasonable period, but not to exceed thirty days, and under section 4242, 4243, 4246, or 4248, for a reasonable period, but not to exceed forty-five days, to the custody of the Attorney General for placement in a suitable facility. . . . The director of the facility may apply for a reasonable extension, but not to exceed fifteen days under section 4241, 4244, or 4245, and not to exceed thirty days under section 4242, 4243, 4246, or 4248, upon a showing of good cause that the additional time is necessary to observe and evaluate the defendant.

18 U.S.C. § 4247.

The Ninth Circuit's *Donnelly* ruling sheds further light on the IDRA:

> Congress enacted § 4241 as part of a broad overhaul of the provisions governing pre-trial competency determinations following the Supreme Court's decision in *Jackson v. Indiana*, 406 U.S. 715, 92 S.Ct. 1845, 32 L.Ed.2d 435 (1972). *See United States v. Strong*, 489 F.3d 1055, 1061 (9th Cir. 2007). In *Jackson*, the Supreme Court held that the Fourteenth

---

[4] Order at 3:9, 5:20.

5
**BRIEF IN RESPONSE TO COURT'S ORDER**

> Amendment's Due Process Clause prohibits a State from confining a defendant for an indefinite period simply because he is not competent to stand trial. 406 U.S. at 720, 92 S.Ct. 1845. That case involved an Indiana defendant who was committed to the State's Department of Mental Health "until such time as that Department should certify ... that the defendant is sane," despite his attorney's representation that restoration was highly unlikely. *Id.* at 719, 92 S.Ct. 1845 (internal quotation marks omitted). By the time his case reached the Supreme Court, Jackson had been confined for three-and-a-half years without any indication that he could be restored to competency. *Id.* at 738–39, 92 S.Ct. 1845.

*Donnelly*, 41 F.4th at 1105.

In the present case, Defendant has been held in custody for much longer than the statutory time limits – i.e., since at least as early as March 29, 2022. Dkt. 174. The three-years-plus period of holding Defendant is similar to the three-and-a-half year period in *Jackson*. Moreover, as stated above, *Jackson* held that the Due Process Clause prohibits "indefinite confinement" (*Donnelly*, 41 F.4th at 1105 (citing *Jackson*, 406 U.S. at 720)); likewise, in the present case, Defendant is currently enduring indefinite confinement. Thus, in the present case, there has been a violation of Defendant's rights under the IDRA.

The prosecution has argued that there has been no violation because (A) Defendant has been detained for other reasons (i.e., that no conditions assure that Defendant will not pose a danger to the community and will not pose a risk of flight) and (B) Defendant has not been "commit[ted]" pursuant to 18 U.S.C. § 4247(b). Dkt. 272 at 1–2 (citing Dkt. 174).

The prosecution's arguments are unavailing. In reality, Defendant has been detained for *two types of reasons*, namely, (1) the reasons listed by the prosecution (i.e., that no conditions assure that Defendant will not pose a danger to the community and will not pose a risk of flight) *and* (2) "[f]or the purposes of an examination pursuant to an order under section 4241" via being "commit[ted] . . . to be examined".

6
**BRIEF IN RESPONSE TO COURT'S ORDER**

18 U.S.C. § 4247(b). It would have been futile for Defendant to seek relief regarding the first type of reasons, while Defendant was still being held to be examined (i.e., the second reason). Counsel is not required to make "a futile objection." *Baughman v. Miller*, No. SACV130310GWJEM, 2016 WL 4009816, at *1 (C.D. Cal. July 24, 2016) (citing *James v. Borg*, 24 F.3d 20, 27 (9th Cir. 1994)). Accordingly, the prosecution's briefing lacks merit in suggesting that Defendant has been kept in custody for other reasons, without regard to his pending competency evaluation.

The prosecution does not cite any authority to support its assertion that Defendant's being kept in custody does not constitute being "commit[ted] . . . to be examined". 18 U.S.C. § 4247(b). "The law respects form less than substance." *Macias / Hall / Bisto / Avina v. Chrysler*, No. CV 17-1823, 2020 WL 4723976, at *1 (C.D. Cal. Aug. 13, 2020) (quoting Cal. Civ. Code § 3528). There is no substantive distinction between the manner in which Defendant has been kept in custody and being "commit[ted]" under the statute (18 U.S.C. § 4247(b)), except that the manner of Defendant's custody has been *more* restrictive and *less* rehabilitative. Hence, the prosecution lacks merit in its argument that Defendant has not been "commit[ted]".

Accordingly, there has been a violation of the IDRA (i.e., 18 U.S.C. §§ 4241, 4247(b)), and the violation has been by an extremely lengthy amount of time.

### 2. Whether There Has Been Violation of Defendant's Sixth Amendment Right to a Speedy Trial

Retained counsel has briefed the issue of a violation of Defendant's Sixth Amendment right to a speedy trial. Dkt. 274 at 5–7. For the sake of efficiency (i.e., to avoid duplication of efforts), this brief incorporates by reference retained counsel's prior briefing.

Nonetheless, retained counsel's prior briefing did not respond to the prosecution's prior briefing of this issue; accordingly, this brief will do so.

The prosecution's briefing is meritless in arguing that there is no Sixth Amendment violation because Defendant consented to the delays, i.e., "defense

counsel requested competency proceedings" and continuances (for competency evaluation) "have been granted at defendant's request". Dkt. 265 at 10–11; Dkt. 272 at 2:21-22.

The prosecution's cited authority does not support its position. Dkt. 265 at 10–11. The prosecution cites the unpublished case of *United States v. Carter*, 754 F. App'x 534, 537 n.1 (9th Cir. 2018), which itself cites *Barker v. Wingo*, 407 U.S. 514, 529 (1972). However, *Barker* did not state a rule of a defendant's waiver, but instead stated:

> In ruling that a defendant has **some responsibility** to assert a speedy trial claim, we do not depart from our holdings in other cases concerning the waiver of fundamental rights, in which we have placed **the entire responsibility on the prosecution to show that the claimed waiver was knowingly and voluntarily made**. Such cases have involved rights which must be exercised or waived at a specific time or under clearly identifiable circumstances, such as the rights to plead not guilty, to demand a jury trial, to exercise the privilege against self-incrimination, and to have the assistance of counsel. We have shown above that the right to a speedy trial is unique in its uncertainty as to when and under what circumstances it must be asserted or may be deemed waived. But the rule we announce today, which comports with constitutional principles, places **the primary burden on the courts and the prosecutors to assure that cases are brought to trial**.

*Barker,* 407 U.S. at 529 (emphasis added).

This passage is crucial on multiple levels. *First*, it is very significant that *Barker* places "the entire responsibility on the prosecution to show that the claimed waiver was knowingly and voluntarily made" (*id.*); here, if Defendant is incompetent, then he lacks capacity to knowingly and voluntarily consent to a continuance. *Second*, *Barker* held that a defendant's purported waiver could be a factor of limited importance (i.e., the defendant might bear "some responsibility", *id.*), whereas the "primary burden" remained "on the courts and the prosecutors to assure cases are

1  brought to trial" in a speedy manner. *Id.* Likewise, far from stating a rigid rule of
2  waiver, the prosecution's other cases simply state that an alleged waiver might
3  "weigh"[5] or carry "weight"[6] in the larger analysis. Hence, even assuming *arguendo*
4  that Defendant's knowingly and voluntarily consent, nonetheless this does not
5  alleviate the impropriety of the massive delays in the competency evaluation – as set
6  forth in the Order and the parties' briefs – including the delays both at the initial stage
7  of the initial evaluation and in the subsequent evaluation that has not even occurred
8  yet.
9        In the speedy trial analysis, the other factors include "the length of the delay,
10 the reasons for it, . . . and whether the defendant has suffered cognizable prejudice."
11 *United States v. Turner*, 926 F.2d 883, 889 (9th Cir. 1991) (citing *United States v.*
12 *Valentine,* 783 F.2d 1413, 1417 (9th Cir.1986)).
13       Here, the length of the delay has been extreme, and Defendant is not at all
14 responsible for the delays in the BOP's arranging for his competency evaluation. The
15 prosecution attempts to whitewash the vast delays, by asserting that "since January
16 2023, defendant has been undergoing competency proceedings". Dkt. 265 at 12:6-7.
17 The prosecution's assertion is a vast distortion of the process in which Defendant
18 underwent a single initial evaluation that was completed in June 2023 – and,
19 thereafter, has been awaiting further evaluation by the BOP, as ordered by this Court.
20 Order at 2. Specifically, on January 13, 2023, this Court ordered the BOP to complete
21 its psychiatric evaluation "within 30 days". Order at 2:8-10 (citing Dkt. 191).
22 However, inexplicably, the BOP did not complete its evaluation until "June 2023" –
23 i.e., *numerous* months late. Order at 2:10-11 (citing Dkt. 205 at 3). Thereafter, on

---

[5] *United States v. Turner*, 926 F.2d 883, 889 (9th Cir. 1991).

[6] *United States v. Tanh Huu Lam*, 251 F.3d 852, 859 (9th Cir.), *as amended on denial of reh'g and reh'g en banc sub nom. United States v. Lam*, 262 F.3d 1033 (9th Cir. 2001).

9
**BRIEF IN RESPONSE TO COURT'S ORDER**

September 14, 2023,, the Court "order[ed] that there be a further evaluation of Defendant" by BOP. Order at 2:12-13 (citing Dkt. 222). However, again inexplicably, a year-and-a-half has passed without the BOP conducting the further evaluation.

There is no justification for the vast delays, and the prosecution makes no serious attempt at attempting a justification. First, the prosecution's briefing makes *no* attempt to address the initial delay from January 13, 2023 until June 2023 in completing the initial evaluation that the Court had ordered to be completed within 30 days. Second, as to the delay after the initial evaluation, the prosecution's *entire* discussion is as follows: "Because the BOP could not conduct the neuropsychological examination of defendant, defense counsel obtained an outside evaluator (Dr. Sherman) to conduct the evaluation. Defense counsel is currently working with the BOP so that Dr. Sherman can conduct the evaluation." Dkt. 265 at 8:15-19 (citing Dkts. 238, 263). The prosecution's explanation comes nowhere near justifying a year-and-a-half delay since the Court's order of September 14, 2023 – whereby the total evaluation process has already spanned 27 months (from the date of this Court's January 13, 2023 Order to the date of this filing).

In sum, the delay has been massive, and there are no reasons that justify it. The prosecution attempts to whitewash the delay, but to no avail.

As to the other factors in the speedy trial analysis, retained counsel's prior briefing addressed prejudice. Dkt. 274 at 6–7.

These factors are more than sufficient to outweigh any impact that Defendant's stipulations might have, even under the (mistaken) assumption that the prosecution could demonstrate Defendant's knowing and voluntary consent.

Hence, there has been a violation of Defendant's Sixth Amendment speedy trial rights, which warrants dismissal.

### 3. Whether There Has Been Violation of Defendant's Fifth Amendment Right to Due Process

Retained counsel has briefed the issue of a violation of Defendant's Fifth Amendment due process rights. Dkt. 274 at 3–5. For the sake of efficiency (i.e., to avoid duplication of efforts), this brief incorporates by reference retained counsel's prior briefing.

Nonetheless, again, retained counsel's prior briefing did not respond to the prosecution's prior briefing of this issue; accordingly, this brief will do so.

The prosecution argues that the Sixth Amendment speedy trial right applies here, instead of Fifth Amendment due process rights, because "the Fifth Amendment only governs claims of pre-indictment delay." Dkt. 272 at 1:6-16 (citing *United States v. Sandoval*, 990 F.2d 481, 485 n.8 (9th Cir. 1993) (itself citing *Arnold v. McCarthy*, 566 F.2d 1377, 1381–82 (9th Cir. 1978)).

However, the prosecution's cited authority makes clear that the Sixth Amendment speedy trial rights – which undisputedly apply here – provide *stronger* protections than those of Fifth Amendment due process rights. "An 'accused,' however (someone who has been either arrested or indicted), is protected from delay not by the Fifth Amendment, but rather by the '**more stringent requirements** of the Sixth Amendment speedy trial right.'" *United States v. Sandoval*, 990 F.2d 481, 485 (9th Cir. 1993) (emphasis added) (quoting *Arnold v. McCarthy*, 566 F.2d 1377, 1382 (9th Cir.1978) (other citation omitted). "[O]nce a person becomes 'accused'," under "the more stringent requirements of the Sixth Amendment speedy trial right," "the courts have been more willing to find delay to be constitutionally impermissible." *Arnold*, 566 F.2d at 1382. I.e., the Sixth Amendment provides *more protection* for defendants than that provided by the Fifth Amendment.

Accordingly, to the extent that retained counsel's prior briefing establishes that Fifth Amendment due process standards have been violated, then this would automatically establish a Sixth Amendment violation. Moreover, to establish a Sixth

11
**BRIEF IN RESPONSE TO COURT'S ORDER**

Amendment violation, it is *not necessary* for retained counsel's prior briefing to establish the violation of Fifth Amendment due process standards.

Retained counsel's prior briefing (Dkt. 274 at 2) cited *Trueblood v. Washington State Dep't of Soc. & Health Servs.*, 822 F.3d 1037 (9th Cir. 2016). Among other things, *Trueblood* cited a prior Ninth Circuit case, as follows:

> Addressing the circumstance of individuals who had been evaluated and found incompetent, but were awaiting treatment, we held that waiting "in jail for weeks or months violates ... due process rights because the nature and duration of their incarceration bear no reasonable relation to the evaluative and restorative purposes for which courts commit those individuals."

*Trueblood v. Washington State Dep't of Soc. & Health Servs.*, 822 F.3d 1037, 1043 (9th Cir. 2016) (citing *Oregon Advocacy Center v. Mink*, 322 F.3d 1101, 1122 (9th Cir.2003)).

Applying that standard to the present case, the 27-months-and-counting of Defendant's current incarceration, pending competency evaluation, bears no reasonable relation to the task of evaluating his competency. This establishes a violation of the *less stringent* Fifth Amendment due process requirements – which necessarily means that the Sixth Amendment's *more stringent* requirements were violated.

### 4. Remedies for Any Violation of Defendant's Rights; Additional Grounds for Dismissal Under Fed. R. Crim. P. 48(b)

The Court ordered the parties to brief the question of remedies of potential violations, as well as dismissal under Federal Rule of Criminal Procedure 48(b). Specifically, as set forth above, the Order stated: "If a party contends that there is a violation or potential violation, the briefing shall also include what remedies are appropriate, including but not limited to those available pursuant to Fed. R. Crim. P. 48(b) . . . ." Order at 3:19-21 (citing Dkt. 262 at 1–2).

### a. Undisputedly, for Violation of Sixth Amendment Speedy Trial Rights, The Remedy Is Mandatory Dismissal

It is undisputed that the violation of Defendant's Sixth Amendment speedy trial rights would mandate dismissal. The prosecution has conceded that "[i]f defendant's Speedy Trial rights were violated . . . , dismissal would be the appropriate remedy." Dkt. 272 at 1 n.1 (citing *Betterman v. Montana*, 578 U.S. 437, 444 (2016) as stating, "The **sole remedy** for a violation of the speedy trial right [is] dismissal of the charges[.]") (emphasis added) (citations omitted in prosecution's brief)).

### b. Dismissal Is A Potential Remedy For IDRA Violations, Though The Parameters Are Not Fully Clear

Neither the prosecution nor Defendant's retained counsel has briefed the issue of remedies for violation of IDRA (U.S.C. §§ 4241, 4247(b)). Dismissal is an authorized and appropriate remedy for an IDRA violation.

A violation of IDRA constitutes a due process violation. *See, e.g., United States v. Magassouba*, 544 F.3d 387, 403 (2d Cir. 2008) ("Responding to due process concerns identified in *Jackson v. Indiana* [406 U.S. 715 (1972)], in 1984, Congress enacted 18 U.S.C. § 4241.") (citing S. Rep. No. 98-225 at 236, 1983 WL 25404). Accordingly, statutory violations necessarily constitute Constitutional violations, for which dismissal is an appropriate remedy.

Courts have dismissed indictments in various cases, for IDRA violations. For example, in *United States v. Lara*, No. 1:21-CR-01930-MLG-1, 2023 WL 3316274 (D.N.M. May 5, 2023), *reconsideration denied*, No. 1:21-CR-01930-MLG-1, 2023 WL 3304284 (D.N.M. May 8, 2023), the court dismissed the indictment with prejudice after 8-and-a-ahalf month delay following the section 4241(d) commitment order. The court explained: "The delays in Lara's admission are not the fault of counsel for the United States, the United States Marshals Service, Dr. Boutwell [i.e., the doctor assigned to evaluate Lara], or any other individual with whom the Court has interacted in the process of fashioning a remedy to Lara's constitutional injury." *Id.* at *2. Despite the absence of fault, the court dismissed the indictment. *Id.*

13
**BRIEF IN RESPONSE TO COURT'S ORDER**

The *Lara* ruling explained that there was precedent for dismissal:

> This Court is not the first to dismiss an indictment based on an unconstitutionally-long pre-hospitalization confinement period. In *United States v. Leusogi*, a court out of the District of Utah elected to dismiss an indictment after the defendant had been held in pre-hospitalization custody for four months, the court had ordered hospitalization within seven days, and the government had failed to comply. No. 2:21-CR-32, 2022 WL 16855426 (D. Utah Nov. 10, 2022). Similarly, in *United States v. Carter*, 583 F. Supp. 3d 94, 98 (D.D.C. 2022), a district court granted the defendant's motion to dismiss the indictment after a delay of "over five months."

*Id.*

Based on these prior rulings, on the facts of this case (as discussed in subsection 1 above and otherwise set forth in the Court's files), dismissal would seem to be an appropriate remedy for violation of Defendant's rights under the IDRA.

Yet Ninth Circuit law is somewhat opaque here. In *Donnelly*, although the Ninth Circuit reversed an order of dismissal based on the case's particular facts, nonetheless the ruling specifically clarified: "nothing in our decision today forecloses the possibility that dismissal may become appropriate at a future date, either in this case or in others like it." 41 F.4th at 1107. As such, dismissal could be appropriate, for an IDRA violation. However, based on *dictum* from *Donnelly*, it is unclear whether – under current Ninth Circuit law – the remedy of dismissal would be limited to situations in which "the government's unreasonable delay amounts to the kind of flagrant misconduct warranting dismissal." *Id.*

Due to the above-described uncertainty of the Ninth Circuit's standard for dismissal for an IDRA violation, it seems than an IDRA-based dismissal should not be used as a substitute for Sixth Amendment-based dismissal, under the circumstances of the present case. Rather, the IDRA violation would be better treated as an *additional* independent potential ground for dismissal, along with violation of the Sixth

Amendment speedy trial rights, under the circumstances of the present case. I.e., the Sixth Amendment apparently provides a superior vehicle for dismissal here, as compared with IDRA.

### c. Dismissal Is A Potential Remedy For Rule 48(b) Violations, Though The Standard Is Quite Demanding

Neither the prosecution nor Defendant's retained counsel has briefed issues relating to Federal Rule of Criminal Procedure 48(b), even though Rule 48(b) was cited in the above-quoted passage from the Court's Order. Order at 3:21.

Theoretically, the Court has discretion to dismiss for delay, pursuant to Federal Rule of Criminal Procedure 48(b)(3), even in the absence of the violation of any other independent legal standard. "The court may dismiss an indictment, information, or complaint if unnecessary delay occurs in: . . . bringing a defendant to trial." Fed. R. Crim. P. 48(b)(3). Federal Rule of Criminal Procedure 48(b) "gives the court discretion to dismiss an indictment for unnecessary delay even if no Sixth Amendment violation is found." *United States v. Crow Dog*, 532 F.2d 1182, 1194 (8th Cir. 1976) (citing *United States v. Clay*, 481 F.2d 133, 135 (7th Cir. 1973)). Based on the discussion in subsections 1 and 2 above, there was a Sixth Amendment violation and an IDRA violation here; the same circumstances also provide grounds for dismissal under Federal Rule of Criminal Procedure 48(b)(3).

Nonetheless, the Ninth Circuit has stated, "A Rule 48(b) dismissal should be imposed only in extreme circumstances. Because of the sanction's severity, we have held that a district court abuses its discretion if it imposes the sanction of dismissal under Rule 48(b) without first satisfying the requirements of 'caution' and 'forewarning.'" *United States v. Sears, Roebuck & Co.*, 877 F.2d 734, 737–38 (9th Cir. 1989) (citing *United States v. National Medical Enterprises,* 792 F.2d 906, 912

(9th Cir.1986)).[7]  Hence, it seems that the standard for Rule 48(b) dismissal is more difficult to satisfy, as compared with the standard for dismissal for violation of Sixth Amendment speedy trial rights.  Accordingly, Rule 48(b)-based dismissal should not be used as a substitute for Sixth Amendment-based dismissal, under the circumstances of the present case.  Rather (as with an IDRA violation), Rule 48(b) would be better treated as an *additional* independent ground for dismissal, along with violation of the Sixth Amendment speedy trial rights, under the circumstances of the present case.  I.e., the Sixth Amendment apparently provides a superior vehicle for dismissal here, as compared with Rule 48(b).

Dated:  April 13, 2025

Respectfully submitted,

*s/*_____
Peter Swarth
CJA Attorney

---

[7] *See also United States v. Cervantes*, No. 12-CR-00792-YGR, 2015 WL 4624067, at *11 (N.D. Cal. July 31, 2015) ("Dismissal as a sanction under Rule 48 is severe and 'requires findings of prosecutorial misconduct and actual prejudice to the accused.'") (quoting *United States v. Huntley*, 976 F.2d 1287, 1292 (9th Cir.1992)).