BILAL A. ESSAYLI
United States Attorney
LINDSEY GREER DOTSON
Assistant United States Attorney
Chief, Criminal Division
DEREK R. FLORES (Cal. Bar No. 304499)
Assistant United States Attorney
Violent and Organized Crime Section
    1300 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-4896
    Facsimile: (213) 894-0141
    Email:     derek.flores@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 2:16-CR-00729-JAK |
|---|---|
| Plaintiff, | GOVERNMENT'S SUPPLEMENTAL BRIEF REGARDING DEFENDANT'S SPEEDY TRIAL AND DUE PROCESS RIGHTS |
| v. | |
| ALBERT BENJAMIN PEREZ, JR., aka "Dragon," | |
| Defendant. | |

    Plaintiff United States of America, by and through its counsel of record, the Acting United States Attorney for the Central District of California and Assistant United States Attorney Derek R. Flores, hereby files this supplemental brief regarding defendant Albert Benjamin Perez, Jr.'s Speedy Trial and Due Process rights.

    This brief is based upon the attached memorandum of points

//

//

//

and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: April 23, 2025

Respectfully submitted,

BILAL A. ESSAYLI
United States Attorney

LINDSEY GREER DOTSON
Assistant United States Attorney
Chief, Criminal Division

*/s/ Derek Flores*
DEREK R. FLORES
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

Advisory counsel first argues that defendant's rights have been violated under 18 U.S.C. §§ 4241, 4247(b) because defendant was purportedly in the custody of BOP both for pretrial detention and for the neuropsychological evaluation. (Dkt. 303 at 5-7 ("Defendant has been detained for two types of reasons").) Advisory counsel is wrong, as the recent bond order makes clear. (See Dkt. 309.)[1] On March 16, 2025, Magistrate Judge Oliver ordered that defendant be released on bond pretrial, finding that conditions of release could ensure the safety of the community and the appearance of the defendant. (See id.) Had defendant been committed to the BOP under 18 U.S.C. § 4247(b) as advisory counsel contends, then Judge Oliver's bond order would not release defendant. But that is not the case as defendant is being released on bond. Indeed, both the government and defense counsel confirmed at the bond hearing that defendant's release would not interfere with the neuropsychological evaluation since that could be performed at the evaluator's office.

Advisory counsel next argues that defendant's Sixth Amendment rights have been violated by arguing, in part, that defendant may not have been competent to request the prior continuances ("if Defendant is incompetent"). As the government has argued, the government believes that the evidence shows that defendant is competent. (See

---

[1] Neither order for evaluation in this case (Dkts. 227, 191) committed defendant to the custody of BOP or the Attorney General. Defendant was also not committed pursuant to 18 U.S.C. §§ 4241, 4247(b) merely because BOP was originally going to perform the neuropsychological evaluation (Dkt. 227) or because BOP was directed to perform the original evaluation (Dkt. 191). BOP was selected merely because defendant was already in BOP custody. Had defendant not been in custody at that time, an outside evaluator could have been selected (as has occurred now).

Dkt. 205.) Advisory counsel also claims that defendant has been prejudiced by referring to defendant's claim that three now unavailable witnesses would have testified that the contraband in this case does not belong to defendant. (Dkt. 274 at 6-7.) But defendant does not say who these purported witnesses are, what the basis for their purported knowledge is, when they became unavailable, or anything else about them. There is no basis to find prejudice based on this claim. And the defendant himself has contradicted this by repeatedly acknowledging that the contraband belonged to him: when signing the original plea agreement; at his change-of-plea hearing; and when speaking to probation for the presentence report. (Dkt. 35; Dkt. 37; Dkt. 39 at 6.) Defendant's claim that he has been prejudiced similarly rings hollow as neither advisory counsel nor defendant dispute that defendant himself requested most of the continuances of the trial date in this case.[2]

    Advisory counsel also argues that defendant's Fifth Amendment rights have been violated by his detention in this matter. (Dkt. 303

---

[2] The government erroneously indicated in its prior brief that the defendant had stipulated to all the trial continuances in this case. (See Dkt. 265 at 1, 10.) As defendant correctly notes, the government did make some ex parte applications for continuance of the trial date. (Dkt. 274 at 3.) The government moved ex parte at least twice to continue the trial date, both times due to the COVID-19 pandemic (Dkts. 103, 122), which resulted in approximately 7 months of the delay in this case, from January 19 to August 24, 2021. (Dkts. 107, 130.) Both before and after those ex parte applications, the defendant requested the trial continuances and the parties stipulated.

But defendant provides no support for his contention that those ex parte applications by the government "result[ed] in the loss of three key [defense] witnesses." (Dkt. 274 at 3.)

2

at 11-12.)³ But advisory counsel's argument rests on the contention that defendant was committed to the custody of BOP for the purposes of the competency evaluation. As the government explained in its prior brief and above, that is not the case. Defendant had been solely detained because the magistrate judge found that, at the time of the detention order, no condition or combination of conditions could reasonably assure the safety of the community and the presence of the defendant. Advisory counsel also does not cite any authority contrary to the government's argument that the Fifth Amendment governs pre-indictment delay.

---

³ Defendant also contended that the time between the filing of the superseding information (filed during the height of the COVID-19 pandemic) and his arraignment for that violated his Fifth and Sixth Amendment rights. (Dkt. 274 at 3.) But defendant does not explain how that violated his rights or cite any cases supporting that argument. Nor does he explain how that delay purportedly prejudiced him. Defendant was not prejudiced by any such delay because he had already been advised of his rights and had counsel appointed at the original arraignment. And defendant promptly received notice of the superseding information because it was filed on the docket.